UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOGAN JACKSON** | **CIVIL ACTION** |
| **VERSUS** | **NO.  05-2871** |
| **N. BURL CAIN, WARDEN LOUISIANA STATE PENITENTIARY** | **SECTION "S"(4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct hearings, including an Evidentiary Hearing if necessary, and to submit Proposed Findings and Recommendations pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.  *See* 28 U.S.C. § 2254(e)(2).[1]

**I.   Factual Background**

The petitioner, Logan Jackson ("Jackson"), is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2]  Jackson was arrested on January 1, 1997, and thereafter indicted in Orleans

---

[1] Under Title 28 U.S.C. § 2254(e)(2), an Evidentiary Hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. No. 1.

Parish for first degree murder.[3] The record does not contain a summary of the facts of the crime charged but is otherwise adequate for the Court's review.

Jackson entered a plea of guilty to an amended charge of second degree murder on July 6, 1998.[4] After waiver of legal delays, the Trial Court sentenced him to a mandatory life sentence.[5]

Jackson did not appeal or seek reconsideration of his sentence. His conviction became final five days later, on July 13, 1998. *See Cousin v. Lensing*, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the five-day period for filing a notice of appeal under La. Code Crim. P. art. 914[6]); La. Code Crim. P. art. 13 (weekends and holidays not included in a calculation of period less than seven days.)

## II.    Procedural Background

Over three years later, on June 21, 2001, Jackson submitted an application for post conviction relief to the Trial Court alleging that his plea was not knowing and voluntary and that his counsel gave ineffective assistance during the plea.[7] The Trial Court denied the application on March 8, 2004, finding that the claims were not supported by the record.[8]

---

[3] Rec. Doc. No. 1, Memorandum in Support, p.3.

[4] St. Rec. Vol. 1of 1, Plea Transcript, 7/6/98.

[5] *Id*.; St. Rec. Vol. 1 of 1, Trial Court Judgment, 3/8/04.

[6] At the time of the conviction, La. Code Crim. P. art. 914 required that a criminal defendant move for leave to appeal within five days of the order or judgment that is being appealed or of a ruling on a timely motion to reconsider a sentence. Failure to move timely for appeal under Article 914 renders the conviction and sentence final at the expiration of the period for filing the motion for appeal. *State v. Counterman*, 475 So.2d 336, 338 (La. 1985). Article 914 was later amended by La. Acts 2003, No. 949, § 1 to provide 30 days for filing of the notice of appeal.

[7] St. Rec. Vol. 1 of 1, Trial Court Judgment, 3/8/04. The record does not contain a copy of the application. Jackson concedes that his application was dated and filed on or about June 21, 2001. Rec. Doc. No. 15, p. 2.

[8] St. Rec. Vol. 1 of 1, Trial Court Judgment, 3/8/04.

Jackson sought review of the ruling with the Louisiana Fourth Circuit Court of Appeal.[9] The Court denied the application on June 2, 2004, finding no error in the Trial Court's order.[10]

Jackson filed a timely writ application with the Louisiana Supreme Court on July 19, 2004, alleging the same claims.[11] The Court denied the application without reasons on May 6, 2005.[12]

### III. Federal Petition

On July 14, 2005, Jackson filed a Petition for Federal Habeas Corpus Relief in which he alleged the following grounds for relief:[13] (1) his plea was involuntary because he was not informed of the elements of either first or second degree murder; (2) his plea was not knowing or voluntary because the trial court failed to advise him of the consequences of the plea or that the sentence was to be served without benefit of parole, probation or suspension of sentence; and (3) ineffective assistance of counsel because he advised petitioner that he would be eligible for parole.

The State filed an opposition alleging that the petition was not timely filed.[14] Jackson replied to this opposition alleging that his federal petition is timely because it was filed within one year of completing the exhaustion of available state court remedies on his state post conviction claims.

---

[9] St. Rec. Vol. 1 of 1, 4th Cir. Writ Application, 2004-K-0574, 4/7/04 (signed 3/29/04).

[10] St. Rec. Vol. 1of 1, 4th Cir. Order, 2004-K-0574, 6/2/04.

[11] St. Rec. Vol. 1 of 1, La. S. Ct. Writ Application, 04-KH-1791, 7/19/04 (postmarked 6/28/04). La. S.Ct. R. X§5provides that an application seeking review of the judgment of the court of appeal shall be filed or postmarked within 30 days of the issuance of the judgment or denial of rehearing. See *Marshall v. Cain*, 155 Fed. Appx. 769, 2005 WL 3115095 (5th Cir. Nov. 22, 2005) (mailbox rule controls under La. S. Ct. Rule X§5); La. Code Crim. Proc. art. 922(A).

[12] *State ex rel. Jackson v. State*, 901 So.2d 1085 (La. 2005); St. Rec. Vol. 1 of 1, La. S. Ct. Order, 2004-KH-1791, 5/6/05.

[13] Rec. Doc. No. 1.

[14] Rec. Doc. No. 14.

**IV.     Standards of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[15] applies to Jackson's petition, which is deemed filed in this court under the federal mailbox rule on June 6, 2005.[16] The threshold questions in habeas review under this statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)). In this case, the State has raised the defense that Jackson's petition was not timely filed.

**V.      Statute of Limitations**

The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final.[17] *Duncan v. Walker*, 533 U.S. 167, 179-80 (2001). As set forth above,

---

[15]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[16]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Jackson's federal habeas petition on July 14, 2005, when the filing fee was paid. Jackson dated his signature on the petition on June 6, 2005. This is the earliest date on which he could have been submitted the pleadings to prison officials for mailing. The fact that he paid the filing fee does not alter the application of the federal mailbox rule to his pro se petition. *See Cousin*, 310 F.3d at 843 (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing *Spotville*, 149 F.3d at 374).

[17]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
A.      the date on which the judgment became final by the conclusion of direct review or the

Jackson's conviction became final on July 13, 1998. Under the plain language of § 2244, he had until July 28, 1999, to file a timely federal application for habeas corpus relief and he failed to do so. Thus, literal application of the statute would bar Jackson's § 2254 petition as of that date unless he is entitled to tolling as provided for by the AEDPA.

Section 2244(d)(2) provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. *See* 28 U.S.C. § 2244(d)(2). For a State post conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-414 (2005); *Williams v. Cain*, 217 F.3d 303, 306-07 n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir.), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999). The United States Fifth Circuit has clarified its prior opinions to the contrary and resolved that timeliness in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings. *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams v.*

---

        expiration of the time for seeking such review;
B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d).

*Cain*, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.'") (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2nd Cir. 1999), *aff'd*, 531 U.S. 4 (2000)); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 2001 WL 995164, slip op. at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. *Godfrey v. Dretke*, 396 F.3d 681, 686-88 (5th Cir. 2005).

The federal courts have also determined that requests for transcripts and copies of documents from the record, like those occasionally filed by petitioner, are not "applications for post-conviction or other collateral review" and therefore do not affect the timeliness calculations. *Osborne v. Boone*, 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcripts is not "other collateral review" for tolling purposes); *see also Brown v. Cain*, 112 F. Supp.2d 585, 587 (E.D. La. 2000), *aff'd*, 239 F.3d 365 (5th Cir. 2000); *Gerrets v. Futrell*, 2002 WL 63541 (E.D. La. Jan. 16, 2002); *Jones v. Johnson*, 2001 WL 1006062 at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts); *Grayson v.*

*Grayson*, 185 F. Supp.2d 747, 751-52 (E.D. Mich. 2002) (delay in receipt of transcript, not required to file an application, does not warrant equitable tolling).

In this case, Jackson's AEDPA filing period began to run on July 14, 1998, the day after his conviction became final. The filing period ran uninterrupted for 365 days, until July 13, 1999, when it expired. Jackson had no properly filed state application for post conviction relief or other collateral review pending during that time period. Jackson's federal petition is deemed filed on June 6, 2005, which was almost six years after the AEDPA filing period expired.

Jackson concedes that his only such filing was not made until June 21, 2001, almost two years after the AEDPA filing period expired. These subsequent efforts to seek state post conviction relief do not affect the calculation. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Contrary to Jackson's suggestion, the state limitation period for seeking post conviction relief does not alter or affect the running of the federal period under the AEDPA.[18] As noted above, the AEDPA allows only one year from finality of the conviction as determined by federal law.[19] The disparity between these time limits is not unconstitutional and does not itself provide a basis for habeas corpus relief. *See generally Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Ellis v. Martin*, 1999 WL 1101241 at *3 (10th Cir. 1999). Moreover, the AEDPA provides for a resolution of any conflict between state and federal post-conviction rights through its tolling provisions. *See*, 28 U.S.C. §2244(d)(2).

---

[18]*See* La. Code Crim. P. Art. 930.8. At the time of petitioner's conviction, Article 930.8 provided a three year period from finality of the conviction for the filing of state post conviction relief. The law was amended in 2003 to change the period to two years.

[19]*See* 28 U.S.C. § 2244.

Therefore, Jackson's federal petition is deemed filed on June 6, 2005, almost six years after the expiration of the AEDPA filing period, and must be dismissed as untimely.[20]

## VI.   Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Logan Jackson's petition for issuance of a Writ of Habeas Corpus filed pursuant to Title 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this \_\_\_29th\_\_\_ day of _____October_____, 2007.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[20]The Court also finds that petitioner has not alleged and the record does not reflect the type of extraordinary circumstances which would warrant equitable tolling.